IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIVIL DIVISION

KIMBERLY GRIPPA,
        Plaintiff,

CASE NO. 2020 CA 000040

vs.

RONALD RUBIN,
        Defendant.
_____/

## AGREED ORDER

    This cause comes before the Court on Defendant's motion to quash service of process. Based on the parties' agreement and being otherwise advised, it is hereby,

    **ORDERED and ADJUDGED** that service of the summons in this case is deemed effective as of the date of this order. Defendant shall have 30 calendar days to respond to the complaint. Defendant's motion to quash is denied as moot.

    DONE AND ORDERED in Tallahassee, Leon County, Florida, on this 19th day of August, 2020.

JOHN C. COOPER
CIRCUIT COURT JUDGE

Copies to:

All Counsel of Record

COMPOSITE EXHIBIT 2

E-Filed and E-Served
by SB on   AUG 2 0 2020

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

**KIMBERLY GRIPPA,**

      **Plaintiff,**

v.                                           **CASE NO.: 2020-CA-000040**

**RONALD RUBIN,**

      **Defendant.**

_____/

### NOTICE OF CANCELLATION OF HEARING

TO:    Gaye L. Huxoll
          Michael R. Tein
          TEIN MALONE PLLC
          3059 Grand Avenue
          Coconut Grove, Florida 33133

      YOU ARE HEREBY NOTIFIED that the undersigned has cancelled the hearing before the Honorable John C. Cooper, Leon County Courthouse, 301 S. Monroe Street, Room 365-B, Tallahassee, FL 32301 on August 17, 2020 at 10:00 a.m. ET, or as soon thereafter as counsel was to be heard, the following:

**DEFENDANT'S VERIFIED MOTION TO QUASH OR DISMISS FOR
INSUFFICIENT SERVICE OF PROCESS**

Fifteen (15) minutes have been set aside for this hearing.

PLEASE GOVERN YOURSELF ACCORDINGLY.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator 301 South Monroe Street, Tallahassee, FL 32301 (850)606-4400 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
**MARIE A. MATTOX, P.A.**
203 North Gadsden Street
Tallahassee, FL 32301
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)
marie@mattoxlaw.com
michelle2@mattoxlaw.com
*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal this 14th day of August 2020, which will send Notification of Electronic Filing to all counsel of record.

*/s/ Marie A. Mattox*
Marie A. Mattox

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

**KIMBERLY GRIPPA,**

      **Plaintiff,**

**v.**                                          **CASE NO.: 2020-CA-000040**

**RONALD RUBIN,**

      **Defendant.**

_____/

<u>**NOTICE OF TELEPHONIC HEARING**</u>

TO:    Gaye L. Huxoll
         Michael R. Tein
         TEIN MALONE PLLC
         3059 Grand Avenue
         Coconut Grove, Florida 33133

      YOU ARE HEREBY NOTIFIED that the undersigned has set a hearing before the Honorable John C. Cooper, Leon County Courthouse, 301 S. Monroe Street, Room 365-B, Tallahassee, FL 32301 on August 17, 2020 at 10:00 a.m. ET, or as soon thereafter as counsel can be heard, the following:

**DEFENDANT'S VERIFIED MOTION TO QUASH OR DISMISS FOR
INSUFFICIENT SERVICE OF PROCESS**

Fifteen (15) minutes have been set aside for this hearing.

Counsel has provided a toll-free conference line to host this hearing, listed below.
**Toll-free #: 1-888-585-9008, Conference Room Number: 903-196-275**
**Organizer PIN: 1969394**

PLEASE GOVERN YOURSELF ACCORDINGLY.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator 301 South Monroe Street, Tallahassee, FL 32301 (850)606-4400 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
**MARIE A. MATTOX, P.A.**
203 North Gadsden Street
Tallahassee, FL 32301
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)
marie@mattoxlaw.com
michelle2@mattoxlaw.com
*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal this 31st day of July 2020, which will send Notification of Electronic Filing to all counsel of record.

*/s/ Marie A. Mattox*
Marie A. Mattox

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

KIMBERLY GRIPPA,

     Plaintiff,

v.

RONALD RUBIN,

     Defendant.

_____/

CASE NO.: 20-CA-40
FLA BAR NO.: 0739685

## ORDER EXTENDING TIME FOR SERVICE

THIS CAUSE came on to be heard on Plaintiff's Motion for Enlargement of Time for Service of Process and after considering the grounds to extend service set forth therein, it is hereby;

ORDERED and ADJUDGED that Plaintiff's Motion is granted and service is extended to September 4, 2020.

DONE and ORDERED this 18 day of June, 2020 in Chambers, Leon County, Florida.

John C. Cooper
Circuit Judge

Copies to:

Marie A. Mattox, Esq.

Gaye L. Huxoll, Esq.

E-Filed and E-Served
by SB on   JUN 1 9 2020

# AFFIDAVIT OF PROCESS SERVER

### In the Circuit of the 2nd Judicial Circuit, In and for Leon County, Florida

**Kimberly Grippa**

       Plaintiff(s),

VS.

**Ronald Rubin**

       Defendant(s).

Attorney: Marie A. Mattox

Marie A. Mattox, P.A.
310 East Bradford Road
Tallahassee FL 32303



*253872*

**Case Number: 2020 CA 000040**

Legal documents received by Same Day Process Service, Inc. on **04/02/2020** at **2:22 PM** to be served upon **Ronald Rubin1133 14th Street NW Apt 908Washington DC 20005**

I, **Kion Lathan**, swear and affirm that on **April 02, 2020** at **5:15 PM**, I did the following:

**Substitute** Served **Ronald Rubin** by leaving a conformed copy of this **Summons; Complaint; Amended Complaint** at **1133 14th Street NW Apt 908 , Washington, DC 20005**, the within named person's usual place of residence, to a person residing therein who is at least 18 years of age or older and who stated that he/she resides therein with the defendant to wit: **Barbara Crutchfield**, as **Co-Resident** and informing that person of the contents of the documents.

**Description of Person Accepting Service:**
Sex: Female Age: 62 Height: 5ft4in-5ft8in Weight: 131-160 lbs Skin Color: African-American Hair Color: Brown & Blonde

**Supplemental Data Appropriate to this Service:**Defendant is not in the military.

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Kion Lathan**
Process Server

**Accurate Serve of Tallahassee**
**400 Capital Circle, SE, #18291**
**Tallahassee FL 32301**
**850-519-5494**
**brennan.fogarty@accurateservetally.com**

Internal Job ID:253872



District of Columbia: SS
Subscribed and Sworn to before me
this _____ day of _____, _____

_____
K. Mack, Notary Public, D.C.
My commission expires February 29, 2024

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**KIMBERLY GRIPPA,**

      **Plaintiff,**

**v.**

**RONALD RUBIN,**

      **Defendant.**

_____/

**CASE NO.: 20-CA-40
FLA BAR NO.: 0739685**

### PLAINTIFF'S MOTION TO ENLARGE
### THE TIME FOR SERVICE OF PROCESS

Plaintiff, KIMBERLY GRIPPA, through her counsel, respectfully seeks an order enlarging the period for service of process by 120 days up to and including September 4, 2020, and states the following:

1.      This lawsuit was filed on January 8, 2020.

2.      On January 28, 2020, the summons and lawsuit were sent for service on the named Defendant.  Numerous attempts to perfect service were met with evasion and refusal to accept service. [See Exhibit A].

3.      After service, Defendant has moved to quash service notwithstanding the fact that Defendant has repeatedly dodged and/or evaded service.

4.      Through this Motion, even though there may be valid service in light of Exhibit A, Plaintiff is requesting that the time to serve the Defendant be enlarged to September 4, 2020 (120 days) so that Plaintiff can continue her efforts to perfect service.

5.      This Court has the discretion to enlarge the period for service for an appropriate period.

6.      Plaintiff's counsel in this case has always acted with diligence in prosecuting her

cases.   In the absence of demonstrable prejudice and in light of the judicial economy served by

allowing this claim to proceed as filed rather than being refiled, Plaintiff respectfully requests

that the period of service be enlarged 120 days, up to and including September 4, 2020.

WHEREFORE, Plaintiff respectfully requests that the time for service on the Defendant

be extended up to and including September 4, 2020 all for the reasons set forth more fully above.

Respectfully submitted,


/s/ Marie Mattox
Marie Mattox (FBN: 739685)
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
Primary Email: marie@mattoxlaw.com
Secondary Email: marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished
via Florida E-Filing Portal to all counsel of record this 16th day of June, 2020.

/s/ Marie A. Mattox
Marie A. Mattox

# EXHIBIT A

# AFFIDAVIT OF NON-SERVICE

Job # T200377

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| KIMBERLY GRIPPA | |
| -versus- | |
| **DEFENDANT:** | County of Leon, Florida |
| RONALD RUBIN | Court Case # **20-CA-000040** |

**Service Info:**

**Date Received by Accurate Serve: 1/28/2020 at 01:43 PM**
Service: I Non-Served **RONALD RUBIN C/O MICHAEL TEIN, ESQ**
**SUMMONS; COMPLAINT, AMENDED COMPLAINT**

**At Other 1133 14TH ST NW, APT 908 WASHINGTON, DC 20005**
On **3/5/2020** at **07:00 PM**
   **Manner of Service:**
[X] **Non-service:** After due search, careful inquiry and diligent attempts at the address(es) listed below, I have been unable to effect the process upon the person/entity being served because of the following reason(s):

**Service was Attempted on:**

**(1) 2/8/2020** at **01:51 PM**, by **Kion Lanthan** Loc: **1133 14TH ST NW, APT 908 Washington, DC 20005**
**Notes:** Upon my arrival, I proceeded towards the residence and was able to speak with the concierge. I asked the concierge if she could contact the subject and let the subject know that I have legal documents to give him. The concierge then contacted the subject and he told the concierge over the phone to tell me he was not home right now because he is at work. No additional information was provided.

**(2) 2/10/2020** at **06:43 PM**, by **Kion Lanthan** Loc: **1133 14TH ST NW, APT 908 Washington, DC 20005**
**Notes:** Upon my arrival, I proceeded towards the residence and was able to walk inside to speak with the concierge. The concierge asked me how she could be of assistance and I asked the concierge if the subject is available and the concierge said the subject was not home right now. No further information was provided. Attempts will be continued.

**(3) 2/12/2020** at **09:18 AM**, by **Kion Lanthan** Loc: **1133 14TH ST NW, APT 908 Washington, DC 20005**
**Notes:** Upon my arrival, I proceeded towards the residence and spoke with the concierge at the front desk. I asked the concierge if the subject was available and she said: "Let me give him a call and see." As the concierge was on the phone with a woman that stays in unit 701 with the subject, I waited in the lobby. The concierge claimed that the person was getting ready to come downstairs to accept service because the subject is out of town. After waiting for a while, the woman never came to the lobby to accept service. After I left the building, I proceeded towards the intercom system and dialed for Unit 908. The subject answered and claimed he was not home yet. When I asked when he would be available, they hung the phone up. No further information was provided.

**(4) 2/22/2020** at **11:37 AM**, by **Kion Lanthan** Loc: **1133 14TH ST NW, APT 908 Washington, DC 20005**
**Notes:** I arrived at the address and I spoke with concierge at the front desk who attempted to reach the subject, via telephone, and was able to speak to the concierge stating he was not home at the time of the attempt and hung up the phone on the concierge. No additional information was provided.

**(5) 2/25/2020** at **12:20 PM**, by **Kion Lanthan** Loc: **7475 Wisconsin Avenue, Suite #600 The Colony Group Office, First National Bank Building Bethesda, MD 20814**
**Notes:** Upon arriving at The Colony Group, I spoke with a receptionist by the name of Linda Olson. She explained how Ronald Rubin is not in town until Saturday and how if we come back to serve him Monday, the new address will be suite 1100, as they're moving there Friday 2/28. Note: the 301 phone number is for the front desk. The 212 number is disconnected.

**(6) 3/2/2020** at **11:04 AM**, by **Kion Lanthan** Loc: **7475 Wisconsin Avenue, Suite #600 The Colony Group Office, First National Bank Building Bethesda, MD 20814**
**Notes:** Upon my arrival the secretary stated that the subject is traveling all week. I asked when he would return and she said that she is not sure, but she does know that he's going to be out of town until the end of the week. I left my contact information.

I Kion Lanthan certify that I am over the age of 18, have no interest in the above action, and I am authorized in the jurisdiction in which this service was made.




1 of 2

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Job # T200377

Our Job # **T200377**

Signature of Server:_____
**Kion Lanthan**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T200377**

SUBSCRIBED AND SWORN to before me this _____ day of _____ , _____ , by _____,
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me by:
[ ] physical presence [ ] online presence.

_____
NOTARY PUBLIC for the state of District of Columbia

Michael Molash
Notary Public, District of Columbia
My Commission Expires 7/14/2022






IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

KIMBERLY GRIPPA,

               Plaintiff,                           CASE NO. 2020 CA 000040

vs.

RONALD RUBIN,

               Defendant.

_____/

### VERIFIED MOTION TO QUASH OR DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Defendant Ronald Rubin, pursuant to Florida Rules of Civil Procedure 1.140(b)(2) and (b)(5), respectfully requests entry of an order quashing the purported service of process or dismissing Plaintiff's Amended Complaint for insufficient service of process.[1]

### Procedural Background

1.      Plaintiff Kimberly Grippa initiated this action by filing a Complaint against Defendant Ronald Rubin on January 8, 2020.

2.      Grippa filed an Amended Complaint against Rubin on January 20, 2020.

3.      Rubin resides in Washington, D.C.

4.      On April 8, 2020, Grippa filed an Affidavit of Process Server stating that, on April 2, 2020, a process server left copies of the Summons, Complaint, and Amended Complaint with an individual named Barbara Crutchfield at Rubin's personal residence in Washington, D.C.

---

[1] By filing this Motion, Rubin does not consent to jurisdiction and does not waive service under the Florida Rules of Civil Procedure. Rubin specifically reserves all of his rights to contest jurisdiction and any other deficiency in Grippa's pleadings.

5.    Ms. Crutchfield is a doorperson who works in the lobby of Rubin's apartment building who is not authorized to, and did not, accept service of process on behalf of Rubin.

### Discussion

### The Purported Service on Rubin Was Ineffective

Rubin resides outside the State of Florida.  Florida Statutes section 48.194(1) provides that "service of process on persons outside this state shall be made in the same manner as service within the  state by any officer authorized to serve process in the state where the person is served."  The requirements for service on an individual in Florida are clear:

> Service of original process is made by delivering a copy of it to **the person to be served** with a copy of the complaint, petition, or other initial pleading or paper *or* by leaving the copies at his or her usual place of abode with **any person residing therein** who is 15 years of age or older and informing the person of their contents.

FLA. STAT. § 48.031(1)(a) (emphasis added).

Strict compliance with the statutory provisions governing service of process is required to obtain personal jurisdiction over the defendant.  *See, e.g.*, *Gilliam v. Smart*, 809 So. 2d 905, 907 (Fla. 1st DCA 2002).  Although "a process server's return of service, regular on its face, is presumptive evidence of valid service," when the presumption is overcome by clear and convincing evidence to the contrary, the party claiming valid service must prove that service was proper.  *Heck v. Bank Liberty,* 86 So. 3d 1281, 1284 (Fla. 1st DCA 2012).

Plaintiff here filed an Affidavit of Process Server stating that service was made by serving the pleading papers on Barbara Crutchfield, a "Co-Resident" and "person

2

residing" in Rubin's apartment.  These assertions are categorically false.  Ms. Crutchfield is a doorperson who works in the lobby of Rubin's apartment building; she does not reside with Rubin and she did not – and could not – accept service on his behalf.  It is well-established that service on a doorperson or concierge is not proper service under Florida law.  *See Berne v. Beznos*, 819 So. 2d 235, 238-39 (Fla. 3d DCA 2002) (holding that leaving complaint with concierge at defendant's New York apartment building was insufficient and had to be quashed); *Schupak v. Sutton Hill Assocs.*, 710 So. 2d 707, 708-709 (Fla. 4th DCA 1998) (same; doorman at defendant's New York apartment building); *Smith v. FDIC*, 711 So. 2d 1367, 1368 (Fla. 4th DCA 1998) (same).

Grippa's purported service on Rubin through a doorperson at his apartment building in Washington, D.C. was ineffective.  Without proper service of process, the Court lacks personal jurisdiction over Rubin.

## CONCLUSION

Grippa failed to properly effect service of process on Rubin.  Accordingly, Rubin respectfully requests entry of an order quashing the purported service of process or dismissing Plaintiff's Amended Complaint for insufficient service of process.

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

_____
RONALD RUBIN

.

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was filed on May 5, 2020 via the Court's e-filing portal, which will serve a copy on the following counsel of record:

>
> Marie A. Mattox, Esq.
> marie@matox.com
> Marie A. Mattox, P.A.
> 203 N. Gadsden Street
> Tallahassee, Florida 32301
> *Counsel for Plaintiff*

>
>
> Tein Malone pllc
> 3059 Grand Avenue
> Coconut Grove, Florida 33133
> (305) 442-1101
>
> By: */s/ Gaye L. Huxoll*
>      Michael R. Tein (Fla. Bar No. 993522)
>      tein@teinmalone.com
>      Gaye L. Huxoll (Fla. Bar No. 149497)
>      ghuxoll@teinmalone.com
>
> *Counsel for Defendant Ronald Rubin*

4

# AFFIDAVIT OF PROCESS SERVER

### In the Circuit of the 2nd Judicial Circuit, In and for Leon County, Florida

**Kimberly Grippa**

  Plaintiff(s),

VS.

**Ronald Rubin**

  Defendant(s).

Attorney: Marie A. Mattox

Marie A. Mattox, P.A.
310 East Bradford Road
Tallahassee FL 32303



\*253872\*

**Case Number: 2020 CA 000040**

Legal documents received by Same Day Process Service, Inc. on **04/02/2020** at **2:22 PM** to be served upon **Ronald Rubin1133 14th Street NW Apt 908Washington DC 20005**

I, **Kion Lathan**, swear and affirm that on **April 02, 2020** at **5:15 PM**, I did the following:

**Substitute** Served **Ronald Rubin** by leaving a conformed copy of this **Summons; Complaint; Amended Complaint** at **1133 14th Street NW Apt 908 , Washington, DC 20005**, the within named person's usual place of residence, to a person residing therein who is at least 18 years of age or older and who stated that he/she resides therein with the defendant to wit: **Barbara Crutchfield**, as **Co-Resident** and informing that person of the contents of the documents.

**Description of Person Accepting Service:**
Sex: Female Age: 62 Height: 5ft4in-5ft8in Weight: 131-160 lbs Skin Color: African-American Hair Color: Brown & Blonde

**Supplemental Data Appropriate to this Service:**Defendant is not in the military.

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Kion Lathan**
Process Server

**Accurate Serve of Tallahassee**
**400 Capital Circle, SE, #18291**
**Tallahassee FL 32301**
**850-519-5494**
**brennan.fogarty@accurateservetally.com**

Internal Job ID:253872

District of Columbia: SS
Subscribed and Sworn to before me
this _____ day of _____, _____.

K. Mack, Notary Public, D.C.
My commission expires February 29, 2024

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**KIMBERLY GRIPPA,**

      **Plaintiff,**

**v.**

**RONALD RUBIN,**

      **Defendant.**

_____/

**CASE NO.: 20-CA-40
FLA BAR NO.: 0739685**

## AMENDED COMPLAINT

Plaintiff, KIMBERLY GRIPPA, hereby sues Defendant, RONALD RUBIN and alleges:

## NATURE OF THE ACTION

1.      This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendant. This is an action brought under the common law of the State of Florida.

2.      This is an action involving claims which are, individually, in excess of $30,000.

## PARTIES

3.      At all times pertinent hereto, Plaintiff, KIMBERLY GRIPPA, has been a resident of the state of Florida.  She is thus _sui juris_.

4.      At all times pertinent hereto, Defendant, RONALD RUBIN, individually, was a resident of the State of Florida. He is thus _sui juris_.

## CONDITIONS PRECEDENT

5.      To the extent required, Plaintiff has complied with all conditions precedent.

## **STATEMENT OF THE ULTIMATE FACTS**

6.     Plaintiff, KIMBERLY GRIPPA, is an attorney with over 22 years' legal work experience.  She has a model work history including: Legal Counsel for a state college, Associate Attorney for a prominent law firm, Cabinet Aide at the Florida Department of State, a Faculty member at FSU College of Law, and other prominent positions.

7.     On March 21, 2019, GRIPPA interviewed with the Florida Office of Financial Regulation and the Department of Financial Services for the position of General Counsel with Defendant, Commissioner RONALD RUBIN, who is male.

8.     Throughout the interview, Defendant made numerous discriminatory statements and inappropriate acts based on GRIPPA's gender.

9.     GRIPPA reported this in an email to Chief of Staff Ryan West on May 13, 2019.

10.     GRIPPA learned that numerous additional complaints had been filed against Defendant by females who he treated similarly to her.

11.     As a result, an internal investigation was conducted into Defendant's behavior and determined that Defendant's conduct was sufficiently severe and pervasive to find him guilty of official misconduct.

12.     The Governor's office was also involved in the review process of Defendant's behavior and in conjunction with the Florida Cabinet, removed Defendant from office.

13.     Defendant has also filed several lawsuits (including Case No. 2019 CA 002535) wherein GRIPPA is listed as a co-conspirator of the "enterprise" that Rubin claims blackmailed, intimidated and extorted him and that she was associated with "racketeering, political corruption, abuse of power, and misuse of taxpayer money at the highest levels of DFS".

14.     Defendant has not officially named GRIPPA as a party in the case and as such she has no means of defending herself against the unsubstantiated, impertinent, scandalous, and false accusations Defendant has cast upon her in an attempt to swing the spotlight away from himself and his behavior.

15.     Subsequent to the complaints by Plaintiff against Rubin referenced in paragraph 9 above and on the day the lawsuit referenced above was filed, Rubin, through counsel, sent emails to Governor Ron DeSantis and Chief Inspector General Melinda Miguel, on June 21, 2019 in which he referenced his "enterprise" and the lawsuit identified in paragraph 13 above, in which Plaintiff was included as a named participant in this fictitious "enterprise." The lawsuit that Rubin filed referenced above was included as a hyperlink to the email to Miguel. In the emails to both DeSantis and Miguel on June 21, 2019, Rubin detailed improper, unethical and seemingly unlawful conduct on the part of Plaintiff. Thus, Rubin, through his counsel, has publicly and falsely disparaged Plaintiff in his communication to Governor DeSantis and Miguel.

16.     Moreover, in a statement/letter that Rubin provided to state investigators on May 30, 2019, presumably including without limitation the Office of the Inspector General within the Department of Financial Services and to other persons/entities including without limitation to FLAPOL, a publication through floridapolitics.com, Rubin falsely stated that Plaintiff was not "qualified to be the agency's enforcement director," that Plaintiff "had an air of entitlement and that [he] feared she would make [his] staff and other OFR employees miserable." In his May 30, 2019 statement/letter, incorporated into the FLAPOL article of statewide if not national circulation, Rubin further falsely stated that Plaintiff had "not even pretended [their] lunch was a real interview and that she was angry because [he] had treated it as a real interview." These comments constitute defamation *per se* or *per quod*.

3

17.     Media and press coverage of Defendant's accusations has led to a character assassination of GRIPPA and her professional reputation. None of the allegations against her are true, supported by evidence, and are nothing more than a scandalous attempt to shift focus from Rubin's discriminatory and scandalous behavior against women.

18.     GRIPPA has since been denied job opportunities due to the defamatory allegations against her by Defendant.

19.     Defendant was aware or should have been aware that Plaintiff was in the process of attempting to obtain employment and was entertaining multiple interviews with numerous employers when he made the scandalous and false allegations against Plaintiff and knew or should have reasonably knew that making such statements would hinder her chances of gaining such employment and/or ruin her reputation in the community.

### COUNT I
### <u>DEFAMATION</u>
### (Against Defendant RUBIN)

20.     Paragraphs 1 through 19 are re-alleged and are incorporated herein by reference.

21.     This count sets forth a claim against Defendant RUBIN for defamation.

22.     Defendant RUBIN, individually, or through counsel, published and/or caused to be published or allowed to be published false statements about Plaintiff to third parties as set forth above, in part.

23.     These statements made by Defendant RUBIN were malicious and intended to harm Plaintiff. Alternatively, Defendant RUBIN was negligent in publishing these statements, and/or published these statements with knowledge that they were false and/or published these statements with reckless disregard as to their falsity.

24.     The statements referred to above directly and proximately caused harm to Plaintiff's reputation in the community, subjected Plaintiff to distrust, ridicule, contempt or disgrace and/ or tended to injure Plaintiff in Plaintiff's trade or profession.

25.     These statements have deterred others from associating with Plaintiff and are actionable on their face. The communications made by Defendant attributed conduct, characteristics, and/ or conditions upon Plaintiff incompatible with the exercise of Plaintiff's lawful business, trade, profession and office.

26.     Alternatively, Defendant engaged in slander per quod and Plaintiff is entitled to damages as a consequence thereof.

27.     Defendant published these statements in bad faith.

28.     As a result of the falsity of the statements made by Defendant RUBIN as set forth above and the publication thereof, Plaintiff has suffered damages which include, without limitation, special and general damages.  Defendant engaged in slander per se which is actionable on its face and general damages are presumed.

29.     Alternatively, Defendant engaged in slander per quod and Plaintiff is entitled to damages as a consequence thereof.  The communications made by Defendant RUBIN imputed conduct to Plaintiff which is incompatible with her functioning as a member of her community and occupation.  Few good, decent or honorable people would want to have business relationships with a person or have a person serve them in a personal or professional capacity with the qualities attributed to Plaintiff by Defendant.

30.     As a result of the defamatory statements, Plaintiff has suffered extreme humiliation, embarrassment, and mental anguish, pain and suffering, inconvenience, lost capacity for enjoyment of life, loss of business and profits, loss of reputation, good standing in the community

and other tangible and intangible damages. These damages have occurred in the past, present and are reasonably expected to continue into the future.  Plaintiff is entitled to equitable/injunctive relief and to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of the state and federal laws enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demand a trial by jury on all issues set forth herein which are so triable. Dated this 20th day of January 2020.

Respectfully submitted,


/s/Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 N. Gadsden Street
Tallahassee, FL 32301
Telephone: 850-383-4800
Facsimile: 850-383-4801
marie@matox.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

**ATTORNEYS FOR PLAINTIFF**

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA**

**KIMBERLY GRIPPA,**

    **Plaintiff,**

v.

**RONALD RUBIN,**

    **Defendant.**

_____/

**CASE NO.: 20-CA-**   2020 CA 000040
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **RONALD RUBIN**
    **C/O MICHAEL TEIN, ESQ**
    **3059 Grand Avenue, Suite 340**
    **Coconut Grove, Florida 33133**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2019.



CLERK OF THE CIRCUIT COURT

By:_____    01/09/2020

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

Case No.: <u> 2020 CA 000040 </u>
Judge: _____

<u>KIMBERLY GRIPPA</u>
Plaintiff
           vs.
<u>RONALD RUBIN</u>
Defendant

---

**II.     AMOUNT OF CLAIM**
   Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>75,000</u>

**III.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure
   ☐ Homestead residential foreclosure
   ☐ Non-homestead residential foreclosure
   ☐ Other real property actions
☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical

☐ Malpractice – other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☒ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

☐ County Civil
   ☐ Small Claims up to $8,000
   ☐ Civil
   ☐ Replevins
   ☐ Evictions
   ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**   **REMEDIES SOUGHT** (check all that apply):
   ☒ Monetary;
   ☒ Non-monetary declaratory or injunctive relief;
   ☒ Punitive

**V.**   **NUMBER OF CAUSES OF ACTION:**
      (Specify)

      1

**VI.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ Yes
   ☒ No

**VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ No
   ☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ Yes
   ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   _s/ Marie A Mattox_
            Attorney or party
FL Bar No.: _739685_
            (Bar number, if attorney)
            _Marie A Mattox_
            (Type or print name)
   Date:   _01/08/2020_

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA**

KIMBERLY GRIPPA,

      **Plaintiff,**

v.

RONALD RUBIN,

      **Defendant.**

_____/

CASE NO.: 20-CA-   2020 CA 000040
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, KIMBERLY GRIPPA, hereby sues Defendant, RONALD RUBIN and alleges:

## NATURE OF THE ACTION

1.     This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendant. This is an action brought under the common law of the State of Florida.

2.     This is an action involving claims which are, individually, in excess of $30,000.

## PARTIES

3.     At all times pertinent hereto, Plaintiff, KIMBERLY GRIPPA, has been a resident of the state of Florida.  She is thus _sui juris_.

4.     At all times pertinent hereto, Defendant, RONALD RUBIN, individually, was a resident of the State of Florida. He is thus _sui juris_.

## CONDITIONS PRECEDENT

5.     To the extend required, Plaintiff has complied with all conditions precedent.

## <u>STATEMENT OF THE ULTIMATE FACTS</u>

6.     Plaintiff, KIMBERLY GRIPPA, is an attorney with over 22 years' legal work experience.  She has a model work history including: Legal Counsel for a state college, Associate Attorney for a prominent law firm, Cabinet Aide at the Florida Department of State, a Faculty member at FSU College of Law, and other prominent positions.

7.     On March 21, 2019, GRIPPA interviewed with the Florida Office of Financial Regulation and the Department of Financial Services for the position of General Counsel with Defendant, Commissioner RONALD RUBIN, who is male.

8.     Throughout the interview, Defendant made numerous discriminatory statements and inappropriate acts based on GRIPPA's gender.

9.     GRIPPA reported this in an email to Chief of Staff Ryan West on May 13, 2019.

10.     GRIPPA learned that numerous additional complaints had been filed against Defendant by females who he treated similarly to her.

11.     As a result, an internal investigation was conducted into Defendant's behavior and determined that Defendant's conduct was sufficiently severe and pervasive to find him guilty of official misconduct.

12.     The Governor's office was also involved in the review process of Defendant's behavior and in conjunction with the Florida Cabinet, removed Defendant from office.

13.     Defendant has filed several lawsuits (including Case No. 2019 CA 002535 and Case No. 2019 CA 002282) wherein GRIPPA is listed as a co-conspirator of the "enterprise" that Rubin claims blackmailed, intimidated and extorted him and that she was associated with "racketeering, political corruption, abuse of power, and misuse of taxpayer money at the highest levels of DFS".

14.     Defendant has not officially named GRIPPA as a party in the case and as such she has no means of defending herself against the unsubstantiated, impertinent, scandalous, and false accusations Defendant has cast upon her in an attempt to swing the spotlight away from himself and his behavior.

15.     Media and press coverage of Defendant's accusations has led to a character assassination of GRIPPA and her professional reputation. None of the allegations against her are true, supported by evidence, and are nothing more than a scandalous attempt to shift focus from Rubin's discriminatory and scandalous behavior against women.

16.     GRIPPA has since been denied job opportunities due to the defamatory allegations against her by Defendant.

17.     Defendant was aware or should have been aware that Plaintiff was in the process of attempting to obtain employment and was entertaining multiple interviews with numerous employers when he made the scandalous and false allegations against Plaintiff and knew or should have reasonably knew that making such statements would hinder her chances of gaining such employment and/or ruin her reputation in the community.

**COUNT I**
**DEFAMATION**
**(Against Defendant RUBIN)**

18.     Paragraphs 1 through 17 are re-alleged and are incorporated herein by reference.

19.     This count sets forth a claim against Defendant RUBIN for defamation.

20.     Defendant RUBIN, individually, published and/or caused to be published or allowed to be published false statements about Plaintiff to third parties as partially set forth above.

21.     These statements made by Defendant RUBIN were malicious and intended to harm Plaintiff. Alternatively, Defendant RUBIN was negligent in publishing these statements, and/or

published these statements with knowledge that they were false and/or published these statements with reckless disregard as to their falsity.

22.     The statements referred to above directly and proximately caused harm to Plaintiff's reputation in the community, subjected Plaintiff to distrust, ridicule, contempt or disgrace and/ or tended to injure Plaintiff in Plaintiff's trade or profession.

23.     These statements have deterred others from associating with Plaintiff and are actionable on their face. The communications made by Defendant attributed conduct, characteristics, and/ or conditions upon Plaintiff incompatible with the exercise of Plaintiff's lawful business, trade, profession and office.

24.     Alternatively, Defendant engaged in slander per quod and Plaintiff is entitled to damages as a consequence thereof.

25.     Defendant published these statements in bad faith.

26.     As a result of the falsity of the statements made by Defendant RUBIN as set forth above and the publication thereof, Plaintiff has suffered damages which include, without limitation, special and general damages.  Defendant engaged in slander per se which is actionable on its face and general damages are presumed.

27.     Alternatively, Defendant engaged in slander per quod and Plaintiff is entitled to damages as a consequence thereof.  The communications made by Defendant RUBIN imputed conduct to Plaintiff which is incompatible with her functioning as a member of her community and occupation.  Few good, decent or honorable people would want to have business relationships with a person or have a person serve them in a personal or professional capacity with the qualities attributed to Plaintiff by Defendant.

28.     As a result of the defamatory statements, Plaintiff has suffered extreme humiliation, embarrassment, and mental anguish, pain and suffering, inconvenience, lost capacity for enjoyment of life, loss of business and profits, loss of reputation, good standing in the community and other tangible and intangible damages. These damages have occurred in the past, present and are reasonably expected to continue into the future.  Plaintiff is entitled to equitable/injunctive relief and to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of the state and federal laws enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demand a trial by jury on all issues set forth herein which are so triable.

Dated this 8th day of January 2020.

Respectfully Submitted,

/s/Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 N. Gadsden Street
Tallahassee, FL 32301
Telephone: 850-383-4800
Facsimile: 850-383-4801
marie@matox.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

**ATTORNEYS FOR PLAINTIFF**

6