## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**KIMBERLY GRIPPA,**
     **Plaintiff,**

**v.**                                 **Case No. 4:20-cv-457-MW/MAF**

**RONALD RUBIN,**
     **Defendant.**

_____/

### DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW

The Defendant, Ronald Rubin ("Rubin"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, moves to compel the production of documents from the Plaintiff, Kimberly Grippa ("Grippa"), and in support states as follows:

### INTRODUCTION

Mr. Rubin – through his Requests for Production – seeks the production of documents directly related to Ms. Grippa's allegations and his defenses in this matter.

The Court's Order on Mr. Rubin's Motion to Dismiss substantially narrowed Ms. Grippa's claims. (Doc. 22). All that remains is one branch of Ms. Grippa's defamation claim, which concerns two letters sent by Mr. Rubin's prior counsel to Governor DeSantis and Chief Inspector General Melinda Miguel requesting an

investigation into a potential criminal enterprise involving Ms. Grippa. (*Id.*). One of Mr. Rubin's defenses to Ms. Grippa's claim is the truth of the allegedly defamatory statement that Ms. Grippa is part of such an enterprise.

In response to Mr. Rubin's requests, Ms. Grippa lodged a series of unsubstantiated, boilerplate objections. After approximately six weeks of conferring, Ms. Grippa still refuses to produce responsive documents between herself and her ex-husband and friend Anthony Grippa or to provide a privilege log. Ms. Grippa also amended her Rule 26 Disclosures to remove Anthony Grippa as a witness. In short, Ms. Grippa is attempting to stonewall Mr. Rubin's discovery of relevant evidence. The Court should overrule Ms. Grippa's objections and grant this Motion.

Specifically, Mr. Rubin seeks the following relevant documents from Ms. Grippa:

- Documents and correspondence related to Ronald Rubin from November 1, 2018, through July 1, 2019.

- Documents and correspondence between Ms. Grippa and Anthony Grippa related to the Department of Financial Services, the Florida Office of Financial Regulation, Jimmy Patronis, Ronald Rubin, Paul Mitchell, and Governor Ron DeSantis from November 1, 2018, through July 1, 2019.

- Documents and correspondence between Ms. Grippa and Anthony Grippa related to Kimberly Grippa's job search in Tallahassee, Florida for the timeframe that Ms. Grippa is seeking damages until and including December 31, 2020.

The term "document" and "correspondence" for these requests include any text messages, voicemails, or emails. If Ms. Grippa contends any responsive document or correspondence is subject to privilege, then she should produce a privilege log as well.  To date, Ms. Grippa has produced no privilege log.

Mr. Rubin's requests for production are attached as Exhibit A. Ms. Grippa's May 14, 2021, responses are attached as Exhibit "B" and her June 4, 2021, Amended Responses (Ms. Grippa amended her responses after being made aware that a motion to compel was going to be filed) are attached as Exhibit "C." The Court should overrule Ms. Grippa's objections and order the production of the requested documents.

**MEMORANDUM OF LAW**

**A. Legal Standard.**

The Advisory Committee Notes to Rule 26 indicate that "[t]he purpose of discovery is to allow a **broad** search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." *See* Adv. Com. Notes, 1946 Amendment, Rule 26, Fed. R. Civ. P. (citations omitted) (emphasis added).

Courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure. As the Eleventh Circuit's predecessor court noted,

> The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual

3

> issues for trial. Properly used, they prevent prejudicial surprises
> and conserve precious judicial energies. The United States
> Supreme Court has said that they are to be broadly and liberally
> construed.

*Burns v. Thiokol Chem. Corp.,* 483 F.2d 300, 304 (5th Cir.1973) (citing *Hickman v. Taylor,* 329 U.S. 495, 507 (1947); *Schlagenhauf v. Holder,* 379 U.S. 104, 114–115, (1964)); *see also Bank of Mongolia v. M & P Glob. Fin. Servs., Inc.*, 258 F.R.D. 514, 518 (S.D. Fla. 2009).

Ms. Grippa has opted to lodge baseless and boilerplate objections to relevant discovery requests rather than comply with the Federal Rules of Civil Procedure and applicable case law.

### B. Rubin's Request #3 and Ms. Grippa's Boilerplate Response

#### a. *Request #3 seeks the production of discoverable documents.*

In Request #3, Mr. Rubin requested the following documents from Ms. Grippa: "All documents and correspondence related to Ronald Rubin." After the Court's Order on the Motion to Quash the Verizon Subpoena, and in attempt to resolve this discovery dispute without Court intervention, Mr. Rubin offered to narrow the temporal scope of this request to stop on July 1, 2019 – three days after

Ms. Grippa declined an offer of employment with the Department of Financial Services.[1]

### b. *Ms. Grippa's Objection is improper and should be overruled.*

In her original response, Ms. Grippa objected to Request #3 as follows:

> Plaintiff objects to this request as a fishing expedition. This request seeks information that will not lead to the discovery of evidence that will be admissible at trial and is propounded for the purpose of harassment and oppression.

*See* Exhibit B. This is a boilerplate objection and should be ignored and overruled. Indeed, the Local Rules advise litigants that "boilerplate objections are strongly disfavored." *See* Local Rule 26.1(C).

The law is clear: "an objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) (emphasis added); *see also Miccosukee Tribe of Indians of Florida v. Cypress*, 2013 WL 10740706, at *1 (S.D. Fla. June 28, 2013). Ms. Grippa failed to include any such explanation here.

Finally, Ms. Grippa's objection that Request #3 "will not lead to the discovery of evidence that will be admissible at trial" misses the mark. It completely

---

[1] Ms. Grippa's purported damages include lost wages because she was allegedly unable to get a job due to Mr. Rubin's "defamatory" statements. The requested timeline is relevant because Ms. Grippa had a job with the state of Florida that she declined.

misapprehends the scope of discovery and the Federal Rules of Civil Procedure which specifically state that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *See* F.R.C.P. 26. This objection should be overruled, and Ms. Grippa should be ordered to produce the requested documents.

Notwithstanding the foregoing, documents and communications related to Ronald Rubin are clearly relevant to this matter. Ms. Grippa lodges various allegations of defamation against Mr. Rubin related to his subsequent naming of Ms. Grippa as a part of an enterprise that worked to have him removed as OFR Commissioner. Mr. Rubin's defenses include the truth of the statements made. As the defendant in this action, Mr. Rubin has the right to conduct discovery into Ms. Grippa's documents and communications regarding him, as that information directly relates to her claims and his defenses.

For example, Ms. Grippa's communications immediately after her interview with Mr. Rubin are highly relevant, Ms. Grippa's communications surrounding her decision to lodge a complaint with the Department of Financial Services about Mr. Rubin's conduct at the interview are highly relevant, Ms. Grippa's communications regarding the investigation by DFS into Mr. Rubin are highly relevant, and Ms. Grippa's communications regarding her decision to reject a job offer by DFS allegedly because of Mr. Rubin are highly relevant. In general, Ms. Grippa's

communications about Mr. Rubin are highly relevant because they will show that Ms. Grippa was indeed involved in an enterprise that expected Mr. Rubin to hire Ms. Grippa, and then when he refused, worked to remove him from office.

Ms. Grippa, however, via this boilerplate objection is refusing to produce pertinent and relevant information. Ms. Grippa refuses to produce responsive documents even though Mr. Rubin offered to narrow the temporal scope of his request. This refusal prejudices Mr. Rubin. Ms. Grippa's objection should be overruled.

## C. Rubin's Request #4 and Ms. Grippa's Boilerplate Response

### a. Request #4 seeks the production of discoverable documents.

In Request #4, Mr. Rubin requested:

> All documents and correspondence with Anthony Grippa related to the Department of Financial Services, the Florida Office of Financial Regulation, Jimmy Patronis, Ronald Rubin, Paul Mitchell, Governor Ron DeSantis, and/or Kimberly Grippa's job search in Tallahassee, Florida.

After the Court's Order on the Motion to Quash the Verizon Subpoena, and in attempt to resolve this discovery dispute without Court intervention, Mr. Rubin offered to narrow the temporal scope of this request through July 1, 2019 – three days after Ms. Grippa declined an offer of employment with the Department of Financial Services.[2]

---

[2] *See* Footnote 1.

The sole exception is for documents related to Ms. Grippa's job search which should extend to December 31, 2020, as she is seeking damages for her inability to find a job during that time-period due to Mr. Rubin's alleged defamation. (Doc. 16).

### b. Ms. Grippa's Objection is improper and should be overruled.

In her original response, Ms. Grippa objected to Request #4 as follows:

> Plaintiff objects to this request as a fishing expedition. This request seeks information that will not lead to the discovery of evidence that will be admissible at trial and is propounded for the purpose of harassment and oppression.

*See* Exhibit B.

This is the same exact boilerplate objection that Ms. Grippa lodged in response to Request #3 above and should be overruled for the same reasons. Mr. Rubin incorporates his arguments in favor of overruling Ms. Grippa's objection to Request #3 here in support of overruling the Ms. Grippa's objection to Request #4.

Next, documents between Mr. Grippa, Ms. Grippa's friend and ex-husband, specifically relating to DFS, OFR, Jimmy Patronis, Ronald Rubin, Paul Mitchell, Governor Ron DeSantis, and/or Kimberly Grippa's job search in Tallahassee, Florida are relevant and within the broad scope of discovery.

Further, Ms. Grippa's conversations with Mr. Grippa regarding DFS, OFR, Jimmy Patronis, Ronald Rubin, Paul Mitchell, Governor Ron DeSantis, and/or Kimberly Grippa's job search in Tallahassee go directly to the heart of this case.

8

For example, Mr. Grippa was instrumental in getting Ms. Grippa on the inside track with respect to a job at DFS through his communications with Paul Mitchell and Jimmy Patronis. Mr. Grippa spoke with Mr. Patronis on several occasions and included references in emails obtained through DFS regarding Ms. Grippa's "loyalty" to Mr. Patronis and his willingness to "do anything" for Mr. Patronis. Ms. Grippa sent her resume directly to Mr. Mitchell and Mr. Patronis at Mr. Grippa's direction. Mr. Grippa also provided Ms. Grippa's resume directly to Mr. Mitchell and called Mr. Patronis about scheduling a meeting between Ms. Grippa and Mr. Mitchell. Because of Mr. Grippa's connections, Ms. Grippa met with Mr. Rubin and the events leading to this lawsuit took place. Ms. Grippa's conversations with Mr. Grippa regarding Mr. Rubin and other key players in this case are crucial to Ms. Grippa's claims and Mr. Rubin's defenses. These documents are highly relevant and contrary to Ms. Grippa's assertions and misapplication of the standard, would undoubtedly lead to the discovery of admissible evidence.

### D. **Ms. Grippa's Amended Responses to Mr. Rubin's Request for Production should be overruled.**

#### *a. The Amended Responses are untimely and should be disregarded.*

In her Amended Response to Mr. Rubin's Request for Production made only as to Request #3 and Request #4, served only after being made aware that a motion to compel was going to be filed as to these requests, Ms. Grippa objected to Request #3 as follows:

Plaintiff objects to this request as a fishing expedition and violative of the attorney client/work product privileges. This request seeks information that will not lead to the discovery of evidence that will be admissible at trial and is propounded for the purpose of harassment and oppression. Additionally, Ms. Grippa objects to this request in that the request is overly broad. This request is intended to circumvent the ruling of the Court in the case Rubin v. Mitchell, Case No. 2019-CA-2535, Leon County Circuit Court quashing the subpoenas/entering a protective order on similar information sought by Rubin. The issue in the instant case is whether Rubin defamed Plaintiff, i.e., whether Rubin made false statements about Plaintiff, whether those statements are true and Plaintiff's damages. This request for all documents and correspondence related to Rubin could never lead to the discovery of evidence that would be admissible at trial because of the breadth of this request as it covers, for example, newspaper articles, documents covered by the attorney client and work product privileges. Additionally, Plaintiff is her former husband's attorney and the documents requested could and would cover documents protected by the attorney client privilege that Plaintiff has with her former husband. Plaintiff and both her former husband also are represented in the state court case referenced above by Ryan Andrews and the documents requested herein would cover communications between the Grippas and Mr. Andrews. Thus, this request invades the attorney-client privilege, as well as the work-product privilege of Ms. Grippa as it relates to any pending litigation wherein she is a party or non-party witness, or where she is the attorney for her former husband. Further, Ms. Grippa and Mr. Grippa had common interests such that any and/or all communications between Ms. Grippa and Mr. Grippa are protected pursuant to the common interest privilege. *See Visual Scene, Inc. v. Pilkington Bros.*, 508 So. 2d 437 (Fla. 3d DCA 1987). *See also First Union Nat'l Bank v. Turney*, 824 So. 2d 172, fn. 11 (Fla. 1st DCA 2001). The common interest privilege also protects Plaintiff's disclosure of all communications with Anthony Grippa and all other persons identified in request 4 except Ron Rubin. *See United States v. McPartlin*, 595 F.2d 1321,

1336 (7th Cir. 1979)("the common interests privilege does not require that the defenses be in all respects compatible, but is applicable 'where different lawyers represent clients who have some interests in common.'"). All other communications to the best of Plaintiff's knowledge have been produced or are already in the Defendant's possession and/or control.

*See* Exhibit C.

In her Amended Response to Mr. Rubin's Requests for Production, served only after being made aware that a motion to compel was going to be filed and that her objections were insufficient, Ms. Grippa objected to Request #4 as follows:

Plaintiff objects to this request as a fishing expedition. This request seeks information that will not lead to the discovery of evidence that will be admissible at trial and is propounded for the purpose of harassment and oppression. Ms. Grippa references and incorporates her objections to request 3 into this response. Further, Ms. Grippa provided legal services to Mr. Grippa during the requested time period and continues to provide legal services to Mr. Grippa, thus disclosure of communications between Mr. and Ms. Grippa is protected under the attorney-client 3 privilege and the work product privilege. Further, during the requested time period, Ms. Grippa and Mr. Grippa had common interests such that documents and correspondence between Ms. Grippa and Mr. Grippa are protected pursuant to the common interest privilege. *See Visual Scene, Inc. v. Pilkington Bros.*, 508 So. 2d 437 (Fla. 3d DCA 1987). *See also First Union Nat'l Bank v. Turney*, 824 So. 2d 172, fn. 11 (Fla. 1st DCA 2001). The common interest privilege also protects Plaintiff's disclosure of all communications with Anthony Grippa and all other persons identified in this request except Ron Rubin. *See United States v. McPartlin,* 595 F.2d 1321, 1336 (7th Cir. 1979)("the common interests privilege does not require that the defenses be in all respects compatible, but is applicable 'where different lawyers represent clients who have some interests in common.'").

*See* Exhibit C.

These amended objections – made several weeks after her original responses were due and served and only after a discovery deficiency letter and lengthy meet and confer telephone conference regarding this motion to compel –  should be overruled because the arguments have been waived by Ms. Grippa.

Indeed, "failure to make timely objections to the discovery waives those objections." *Rollins v. Banker Lopez & Gassler*, No. 8:19-CV-2336-T-33SPF, 2020 WL 1939396, at *1 (M.D. Fla. Apr. 22, 2020); *see also Third Party Verification, Inc. v. SignatureLink, Inc.*, No. 6:06-cv-415-Orl-22DAB, 2007 WL 1288361, at *2 (M.D. Fla. 2007) ("A party failing to serve an objection to a discovery request within the time required by Fed. R. Civ. P. 33 or 34, in the absence of good cause or of an extension of time to do so, waives the right to later raise objections."); *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005) (a "[f]ailure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have"). Ms. Grippa cannot make discovery a moving target and amend her objections when she realizes a motion to compel is going to be filed.

### b. The Common-Interest Privilege does not apply.

Moreover, Ms. Grippa's new "common-interest privilege" objection is meritless and was made in bad faith. First, the "common-interest privilege" certainly

does not protect communications with Mr. Grippa – or any party – that occurred prior to any dispute among the parties or that occurred outside the scope of seeking advice regarding litigation. In fact, the "common-interest privilege" does not apply here at all. "There are three threshold questions to determine whether the attorney-client and joint-defense privilege, also known as the common interest privilege, should apply: (1) whether the original disclosures were necessary to obtain informed legal advice and might not have been made absent the attorney-client privilege; (2) whether the communication was such that disclosure to third parties was not intended; and (3) whether the information was exchanged between the parties for the limited purpose of assisting in their common cause." *In re Int'l Oil Trading Co., LLC*, 548 B.R. 825, 833 (Bankr. S.D. Fla. 2016).

Mr. Rubin seeks communications and documents regarding himself (in Request #3) and between Ms. Grippa and Mr. Grippa (in Request #4) related to several related persons and entities. The requested communications and documents include details about Ms. Grippa's job search in Tallahassee, her interview with Mr. Rubin, her meetings with Paul Mitchell, her correspondence with Mr. Patronis regarding her job search, and her job offers with DFS. Each of these communications, as well as other responsive communications, are outside the bounds of any "common-interest privilege" and took place *prior to the initiation of any litigation*. The requested communications do not involve any party seeking

13

litigation advice or strategizing regarding litigation. To the extent, Ms. Grippa and Mr. Grippa (or another person) enjoy a common-interest privilege as it relates to litigation with Mr. Rubin, those communications should go on a privilege log and be provided to Mr. Rubin.

### c. Attorney-Client Privilege Does Not Preclude the Production of Documents or a Privilege Log.

Finally, to the extent Ms. Grippa claims her conversations are protected by the attorney-client privilege because she represents her ex-husband in unrelated business matters, those documents have not been requested. Indeed, Ms. Grippa's representation of her husband does not relate to DFS, OFR, Jimmy Patronis, Ronald Rubin, Paul Mitchell, Governor Ron DeSantis, and/or Kimberly Grippa's job search in Tallahassee, Florida. The scope of Mr. Rubin's request is very narrow. And, if Ms. Grippa believes certain conversations are protected by the attorney-client privilege, she should have provided Mr. Rubin with a privilege log in accordance with the Federal Rules of Civil Procedure. Despite requests to do so, Ms. Grippa has refused. Indeed, "if such an objection is made without a *proper* privilege log attached, it shall be deemed a nullity." *Guzman,* 249 F.R.D. at 401.

## CONCLUSION

The Court should overrule Ms. Grippa's objections and require the production of responsive documents and a privilege log, if necessary, in accordance with the Federal Rules of Civil Procedure within fourteen days. Moreover, the Court should

award Mr. Rubin the attorney fees and costs he incurred in being forced to file this motion to gain access to relevant discovery.

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this memorandum contains 3593 words.

## LOCAL RULE 7.1(B) CERTIFICATION

The undersigned certifies that counsel for Mr. Rubin conferred via telephone and written correspondence with counsel for Ms. Grippa regarding the contents of this motion. Counsel for Ms. Grippa does not agree with the relief sought.

WHEREFORE, the Defendant Ronald Rubin respectfully requests that the Court enter an Order granting this Motion and requiring the Plaintiff, Kimberly Grippa, to produce documents responsive to Requests #3 and #4, for an award of attorney fees and costs incurred in filing this motion, and for such other relief as the Court deems just.

Dated this 14th day of July 2021.

Respectfully submitted,

Defendant,
By counsel.

*/s/ James L. Kauffman*
James L. Kauffman (Fla. Bar No. 12915)
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007

15

Telephone: (202) 463-2101
Facsimile: (202) 342-2103
Email: jkauffman@baileyglasser.com
Secondary: vpierre@baileyglasser.com


Nicole L. Ballante (Fla. Bar No. 0125356)
BAILEY & GLASSER, LLP
360 Central Avenue, Suite 1500
St. Petersburg, FL 33701
Telephone: (727) 894-6745
Facsimile: (727) 894-2649
Email: nballante@baileyglasser.com
*Counsel for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2021, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent be e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


*/s/ James L. Kauffman*
James L. Kauffman