# Exhibit 3
## JUNE 21, 2019 LETTER FROM TEIN TO DESANTIS

*Kimberly Grippa v. Ronald Rubin*
*Case No. 4:20cv457-MW/MAF*

# T<small>EIN</small> M<small>ALONE</small> <small>PLLC</small>
### LAWYERS

June 21, 2019

Governor Ron DeSantis
The Capitol
400 S. Monroe Street
Tallahassee, Florida 32399-0001

*Request for Governor DeSantis to direct his Chief Inspector General to:*

> *(1) Take jurisdiction over the investigation of Commissioner Rubin; and*
> *(2) Open an investigation into abuse of public office, gender discrimination and improper use of public funds by CFO Patronis.*

Dear Governor DeSantis:

We respectfully request that you direct[1] Florida's Chief Inspector General to assume jurisdiction over the pending investigation of OFR Commissioner Ron Rubin[2] and to open an investigation into heavily corroborated evidence of misuse of public office by CFO Jimmy Patronis and his inner circle, in violation of Fla. Stat. §§ 836.05 (threats and extortion); 838.016 (unlawful compensation or reward for official behavior) and 839.26 (misuse of confidential information).

---

[1] Fla. Stat. § 14.32(2)(k) (empowering the Chief Inspector General to conduct "special investigations" at the Governor's direction).

[2] On May 10, CFO Patronis directed his Office of Inspector General "to begin a preliminary investigation" (May 10 press release). That same day, the CFO also released the complaint. On June 6, the Governor's spokesperson advised that his Office had received the report of that preliminary investigation on May 17, but that it was "not opened until" June 6. It has not been released. The investigation is now being conducted by the Inspector General for the Office of Financial Regulation (Memorandum from B. Perry, June 7, 2019).

K. Grippa
DFT 118
12/22/21   MB

If CFO Patronis were truly interested in a fair investigation of a "sexual harassment" complaint against Commissioner Rubin, he would not have published the confidential complaint in an official government press release just hours after receiving it.  This act alone calls into question Mr. Patronis' motivations and the impartiality of the investigation he ordered by inspectors general who report directly to him.  We are not impugning the integrity of the inspectors general by any stretch.  To the contrary, our point is that there is necessarily an institutional conflict and appearance of conflict of interest whenever an agency investigates its own senior management.

==In a lawsuit filed today, Mr. Rubin details improper, unethical and perhaps unlawful conduct on the part of Mr. Patronis and his enterprise==, including the orchestration and publication of allegations against Rubin in retaliation for his refusal to join in illegal conduct. The lawsuit attaches and hyperlinks to supporting documentary evidence, including public records, email and text messages.

CFO Patronis employed similar improper tactics to remove the prior OFR Commissioner.  And recently, CFO Patronis was sued individually in federal court (and his agency brought before Florida's Human Relations Commission) for systemic cronyism and sex discrimination.  CFO Patronis was reported to have tapped over $250,000 in state funds earmarked for hurricane relief in order to pay his attorneys' fees and settle these cases.  CFO Patronis' public call for an investigation should apply equally to his own misconduct - - which has escaped any official examination.

The pending investigation requires evaluating the conduct and credibility of CFO Patronis and members of his inner circle, as well as the credibility of numerous statements made by the current Acting OFR Commissioner (formerly the OFR Chief of Staff).  These people directly supervise the DFR and OFR Inspectors General.  Consequently, the Offices of the DFR IG (whom Mr. Patronis calls "***my*** Inspector General")[3] and the OFR IG already should have recused themselves from this investigation.[4]  Absent recusal, only intervention by the Chief Inspector General, who reports solely to the Governor, can cure this conflict of interest and appearance of impropriety.

---

[3] May 10, 2019 Press Release.

[4] Email from OFR IG Bradley Perry (5/21/2019) ("[DFR IG Dir. of Investigations] Captain Shoaf is providing investigative assistance to my office, which is conducting this investigation.").

2

To date, Mr. Rubin has fully cooperated with OFR Inspector General Perry's investigation and has today submitted sworn answers to over 200 questions, none of which concern sexual harassment.[5] Aside from proving his innocence, that cooperation demonstrates Rubin's good faith and does not detract from or waive this request for recusal of the OFR and DFR inspectors general from this matter.

### *Conclusion*

There is simply no basis for CFO Patronis to call for Commissioner Rubin's firing over unproven allegations – particularly when none amount to discrimination or harassment under Florida or federal law.  The reality is that Commissioner Rubin refused to hire Patronis loyalists and Rubin's father refused repeated demands for a $1 million contribution from Patronis' fundraiser.  In retaliation, Patronis and others in his inner circle conspired to blackmail Rubin into resigning.

Given the appearance and potential for a conflict of interest necessarily inherent in investigating one's supervisors, agency-level inspectors general must be recused from the pending investigation of Commissioner Ronald Rubin and the Governor should direct the Chief Inspector General to take jurisdiction over that investigation and the related matters described in this letter.

Respectfully submitted,

/s

Michael Tein, Esq.
**TEIN MALONE, PLLC**
*Counsel to Commissioner Ron Rubin*

c:   Chief Inspector General Melinda Miguel
     Inspector General Bradley Perry

---

[5] Numerous federal court decisions hold that the type of allegations in the complaint, including that the employee felt "awkward" and "uncomfortable" around Rubin based on things he said during lunch, do not rise to the level of a legally cognizable claim of "sexual harassment."  *See, e.g., Byrd v. Postmaster Gene*ral, 582 F.App'x 787 (11th Cir. 2014); *Agee v. Potter,* 216 F.App'x 837 (11th Cir. 2007); *Herron v. Morton,* 155 F.App'x 423 (11th Cir. 2005); *Venerio v. Federal Express,* 2018 WL 5283876 (S.D. Fla. 2018).