# Exhibit 9
PETER PENROD DEPOSITION TESTIMONY EXCERPTS

*Kimberly Grippa v. Ronald Rubin*
*Case No. 4:20cv457-MW/MAF*

Kimberly Grippa

vs.

Ronald Rubin

Deposition of:

PETER PENROD

June 01, 2021

Vol 01



PHIPPS REPORTING

*Raising the Bar!*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.: 4:20cv457-MW/MAF

KIMBERLY GRIPPA,

   Plaintiff,

vs.

RONALD RUBIN,

   Defendant.
_____/

VIDEOTAPED WEB CONFERENCE DEPOSITION OF

PETER PENROD

Tuesday, June 1, 2021
11:31 a.m. - 12:52 p.m.

LOCATION: Via Web Conference

Stenographically Reported By:

JO LANGSTON, RPR

Job No. : 188579

Page 2

1  APPEARANCES: (All appearances via web conference)

2
     ON BEHALF OF THE PLAINTIFF:
3
        Marie A. Mattox, P.A.
4        203 North Gadsden Street
        Tallahassee, FL 32301
5        850-383-4800
        BY:  MARIE A. MATTOX, ESQUIRE
6        marie@mattoxlaw.com

7

8    ON BEHALF OF THE DEFENDANT:

9      Bailey & Glasser, LLP
        1055 Thomas Jefferson Street NW
10       Suite 540
        Washington, DC 20007
11       202-463-2101
        BY:  JAMES L. KAUFFMAN, ESQUIRE
12       jkauffman@baileyglasser.com

13
        Bailey & Glasser, LLP
14       360 Central Avenue, Suite 1500
        St. Petersburg, FL 33701
15       727-894-6745
        BY: NICOLE L. BALLANTE, ESQUIRE
16       nballante@baileyglasser.com

17
     ON BEHALF OF DEPARTMENT OF FINANCIAL SERVICES:
18
        Department of Financial Services
19       200 E Gaines Street
        Tallahassee, FL 32399
20       850-413-4282
        BY: DOUGLAS WARE, ESQUIRE
21       douglas.ware@myfloridacfo.com
        JOHN MACIVER, ESQUIRE
22       john.maciver@myfloridacfo.com

23
     ALSO PRESENT:
24
        GARO NARGIZ, EXHIBIT TECHNICIAN
25       RANDY WRIGHT, VIDEOGRAPHER

Page 3

1            I N D E X

2  TESTIMONY OF PETER PENROD                    PAGE

3       Direct Examination by Mr. Kauffman         4

4       Cross-Examination by Ms. Mattox           51

5  Certificate of Oath                     55
   Certificate of Reporter                 56
6  Errata Sheet                            57
   Notification Letter                     58
7              EXHIBITS

8  EXHIBIT         DESCRIPTION                 PAGE

9  1  Verizon phone record, Bates KG Production   17

10    49 to 51

11 2  5/6/2019 emails between Poppell and Penrod   20

12 3  Calendar entry                           25

13 4  Appointment Request                      27

14 5  5/10/2019 letter from Penrod to Grippa     28

15 6  5/10/2019 email from Penrod to Sweet        8

16 7  5/13/2019 emails, Subject: Interview with  35

17    Mr. Ronald Rubin 3/21/19

18 8  5/13/2019 email from Shekiema Rolle        37

19 9  Verizon phone records, Bates KG Production  40

20    52 to 54

21 10 6/27/2019 email from West to Sweet and     41

22    Penrod, forwarding email from Grippa

23 11 5/10/2019 press release                   44

24 12 5/14/2019 press release                   47

25

Page 4

1      The proceedings began at 11:31 a.m.

2      STENOGRAPHER: Please raise your right hand.

3   Do you swear or affirm the testimony you're about

4   to give will be the truth, the whole truth, and

5   nothing but the truth?

6      THE WITNESS: Yes.

7  Thereupon,

8            PETER PENROD

9  was called as a witness and, having been first duly

10  sworn, was examined and testified as follows:

11           DIRECT EXAMINATION

12  BY MR. KAUFFMAN:

13    Q   Good morning. Could you please state your

14  name for the record.

15    A   My driver's license says Peter Schlueter

16  Penrod. I go by Peter Lawrence Penrod.

17    Q   Okay. Mr. Penrod, You're an attorney,

18  correct?

19    A   Correct.

20    Q   You understand the deposition process, so

21  I'm going to skip some of the preliminaries. You've

22  been involved in depositions before, correct?

23    A   Yes. Only --

24      STENOGRAPHER: Mr. Penrod, I'm not getting

25   every word, so if you could get closer or --

Page 17

1      MR. WARE:  Object to form.

2      A   It wouldn't surprise me either way.

3   BY MR. KAUFFMAN:

4      Q   So if it wasn't in your files, in other

5   words, if you hadn't reviewed the resume, that

6   wouldn't have been a document that you could have

7   provided in response to the subpoena, correct?

8      A   I don't know what you're asking.

9      Q   Right.  If you had the subpoena, you would

10  have -- if you had the resume in response to the

11  subpoena, you would have supplied it, correct?

12     A   Absolutely correct, yes.

13     Q   Okay.  And it's fair to say that if you

14  didn't supply it, then you didn't have it.

15     A   That's correct.

16     Q   Were there any other candidates for the

17  position besides Ms. Grippa?

18     A   None that I was aware of.

19     Q   Did you consider -- do you recall whether

20  you interviewed Ms. Grippa for the position?

21     A   I don't recall interviewing her.

22     Q   Okay.  Do you have any record of

23  interviewing Ms. Grippa?

24     A   I have no record of interviewing her.

25         (Exhibit No. 1 was identified.)

1  agency, so --

2     Q   Right.  I'm trying to understand if he has
3  input on appointment salaries.

4     A   He's the head of the agency.  He's the
5  constitutionally elected officer, so he did have input
6  on anything he wanted.  With regard to this specific
7  email, I never discussed it with him.  I never
8  discussed her salary or anything like that with him.

9     Q   Okay.  With regard to the salary of 64,533
10 being the base salary, what is that referring to?

11    A   I -- I'm going to speculate People First has
12 a range.  It would say you have a range of, for
13 instance, $64,000 up to whatever the top end is.  So
14 the base would be the lowest amount you could pay for
15 the position.

16    Q   And in response to this email, you're
17 approving this appointment salary, which is above the
18 base salary, correct?

19    A   Correct.

20    Q   And is there any process or procedure that
21 you're to follow when you're making, you know, an
22 exception for an amount above a base salary for the
23 position?

24    A   I wouldn't call it an exception.

25    Q   Okay.  What would you call it?

Page 29

1   Q   All right. Let's go to Exhibit 5. Now,
2   this is a letter that you wrote, bearing Bates DFS
3   7-30-19 3157, to Ms. Grippa dated May 10th, 2019,
4   correct?
5      A   Correct.
6   Q   And this is an offer letter of employment,
7   correct?
8      A   Correct.
9   Q   And this confirms her position as deputy
10  general counsel?
11     A   That is correct.
12  Q   With the Department of Financial Services,
13  correct?
14     A   Correct.
15  Q   And it states her starting salary will be
16  $100,000 per year?
17     A   That is correct.
18  Q   And the anticipated effective date will be
19  July 1st, right?
20     A   Yes.
21  Q   Is that right?
22     A   Yes, correct.
23  Q   Okay. And then it says that her immediate
24  supervisor will be you, correct?
25     A   That's correct.

Page 43

1   A   Where is the interview part?

2   Q   In the first paragraph.

3   A   Yeah. You're correct.

4   Q   Okay. So she enjoyed the interview, but she
5  was declining the position, correct?

6       MR. WARE: Object to form.

7   A   That's what the document -- that's what the
8  email says. I don't have any knowledge beyond what's
9  in this email.

10  BY MR. KAUFFMAN:

11   Q   And had Ms. Grippa not declined the
12  position, she would have gone to work for DFS,
13  correct, as far as you stand?

14   A   All things being equal, correct.

15   Q   Okay. And did any of Rubin's allegations in
16  this lawsuit with Paul Mitchell influence whether DFS
17  would employ Ms. Grippa?

18   A   I'm not aware of any, no.

19   Q   Okay. Were you aware of any impact that the
20  allegations in Mr. Rubin's lawsuit would have on her
21  pay that she may receive?

22   A   I'm not aware of any.

23   Q   Okay. Do you think that it had any impact
24  with regard to her pay?

25   A   I have no opinion on it beyond what I've

Page 44

1  said.

2    Q   Okay. And, again, had Ms. Grippa not

3  written this email and not chosen to do so, she would

4  have been welcome to begin working at least on paper

5  under your supervision starting July 1st, correct?

6    A   All things being equal, that is correct.

7        MR. KAUFFMAN: Will you put Exhibit 11.

8        (Exhibit No. 11 was identified.)

9  BY MR. KAUFFMAN:

10   Q   Exhibit 11 is a press release dated May

11  10th, 2019. Do you recognize this press release?

12   A   I do.

13       MS. MATTOX: What are the Bates stamp

14  numbers?

15       MR. KAUFFMAN: There are not Bates stamp

16  numbers, Ms. Mattox. This was taken off of the

17  public record.

18       MS. MATTOX: Okay.

19  BY MR. KAUFFMAN:

20   Q   You said that you do recognize this?

21   A   I do.

22   Q   This was the Friday complaint that we've

23  been discussing, correct?

24   A   Yes.

25   Q   Okay. And with regard to the -- it says the

Page 55

1        CERTIFICATE OF OATH

2

3   STATE OF FLORIDA

4   COUNTY OF LEON

5        I, JO LANGSTON, RPR, Notary Public, State

6   of Florida, certify that PETER PENROD remotely

7   appeared before me on June 1, 2021, and was duly

8   sworn.

9        Signed this 7th day of June 2021.

10

11

12               _____
                 JO LANGSTON, RPR
13                Notary Public, State of Florida
                 My Commission No. GG 918183
14                Expires: 11/26/2023

Page 56

1               CERTIFICATE OF REPORTER

2

3   STATE OF FLORIDA

4   COUNTY OF LEON

5

6          I, JO LANGSTON, RPR, do hereby certify

7   that I was authorized to and did stenographically

8   report the foregoing videotaped web conference

9   deposition of PETER PENROD; that a review of the

10  transcript was requested; and that the transcript is

11  a true record of my stenographic notes.

12         I FURTHER CERTIFY that I am not a

13  relative, employee, attorney, or counsel of any of

14  the parties, nor am I a relative or employee of any

15  of the parties' attorney or counsel connected with

16  the action, nor am I financially interested in the

17  action.

18         Dated this 7th day of June 2021.

19

20

21         _____
           JO LANGSTON, RPR
22

23

24

25

Page 57

ERRATA SHEET

DO NOT WRITE ON THE TRANSCRIPT
ENTER CHANGES ON THIS SHEET

KIMBERLY GRIPPA V. RONALD RUBIN
Deponent:  PETER PENROD
Date of :  June 1, 2021
Case No.:  4:20cv457-MW/MAF

PAGE   LINE        REMARKS

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Under penalties of perjury, I declare that I have read
the foregoing document and that the facts stated in it
are true.

Signature of Witness _____

Dated this _____ day of _____, _____.

Job No. :  188579

Page 58

June 7th, 2021

PETER PENROD
C/O Department of Financial Services
200 E Gaines Street
Tallahassee, FL 32399
ATTN: DOUGLAS WARE, ESQUIRE
douglas.ware@myfloridacfo.com

Re: Kimberly Grippa v. Ronald Rubin
Case No.: 4:20CV457-MW/MAF

Please take notice that on June 1, 2021, you gave your deposition in the above cause. At that time, you did not waive your signature. The transcript is now available for your review.

Please call (888)811-3408 or e-mail production@phippsreporting.com between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, for access to a read-only PDF transcript via computer.

Please execute the PDF-fillable Errata Sheet which will be forwarded to you by Phipps Reporting. The Errata Sheet can also be downloaded from www.phippsreporting.com. Once completed, please print, sign, and return to us for distribution to all parties.

If you do not read and sign the deposition within 30 days, the original, which has already been forwarded to the ordering attorney, may be filed with the Clerk of the Court.

If you wish to waive your signature now, please sign your name in the blank at the bottom of this letter and return to the address listed below.

Very truly yours,
_____
JO LANGSTON, RPR
Phipps Reporting, Inc.
www.PhippsReporting.com

I do hereby waive my signature.
_____
PETER PENROD

Job No. : 188579