IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KIMBERLY GRIPPA,**

 *Plaintiff,*

v.            Case No.: 4:20cv457-MW/MAF

**RONALD RUBIN,**

 *Defendant.*
_____/

## ORDER DENYING MOTION TO COMPEL

  This Court previously granted Plaintiff's motion to compel in part and ordered *in camera* review of the documents at issue. ECF No. 79. After further consideration, this Court has determined that Plaintiff's underlying subpoena was improperly issued and this Court lacks jurisdiction to consider Plaintiff's motion to compel. Accordingly, for the reasons explained below, Plaintiff's motion to compel documents subject to subpoena from nonparty Seth Gordon, ECF No. 76, is **DENIED**, and this Court's previous order, ECF No. 79, is **VACATED**.

  Under Rule 45, a subpoena commanding document production must, inter alia, "state the place where compliance is required, which must be within 100 miles of where the subpoenaed party resides, is employed, or regularly transacts business in person." *Woods v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii), (c)(2)(A)). Here, the subpoena directs Seth

Gordon to produce the requested documents at 203 North Gadsden Street, Tallahassee, Florida 32301. ECF No. 76-1. Mr. Gordon was served at the address listed on the subpoena, 3400 SW 27th Avenue, Apartment 1004, Miami, Florida 33133-5319. *Id.* This location—where Mr. Gordon presumably "resides, is employed, or regularly transacts business in person"—is over 400 miles away from the place of compliance listed on the subpoena. Fed. R. Civ. P. 45(c)(2)(A). Accordingly, because Plaintiff's subpoena "improperly required compliance from an entity beyond the 100-mile geographical limit of Rule 45(c)," Plaintiff's motion to compel is due to be denied. *Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622, 628 (11th Cir. 2019); *see also Metro. Life Ins. Co. v. Liebowitz*, No. 20-25165-MC-GRAHAM, 2020 U.S. Dist. LEXIS 242092, at *3 (S.D. Fla. 2020) ("[T]he subpoenas must be quashed given their noncompliance with the geographical restrictions imposed by Rule 45(c)(2)(A) . . . .").

Moreover, even if the subpoena properly required compliance within the 100-mile geographical limit of Rule 45(c)(2)(A), this Court still lacks jurisdiction to consider Plaintiff's motion to compel. While "[a] subpoena must issue from the court where the action is pending," Fed. R. Civ. P. 45(a)(2), challenges to the subpoena and "subpoena-related motions should be heard in the court where compliance is required." *Woods*, 303 F.R.D. at 407. Here, Plaintiff can only require Mr. Gordon to produce the requested documents at a location within 100 miles of his Miami

address. That 100-mile radius encompasses both the Southern and Middle Districts of Florida, but not the Northern District. Accordingly, depending on the location, compliance would be required in either the Southern or Middle District, and Plaintiff would need to move to compel production there. This Court, however, lacks such jurisdiction. *See Collins v. Koch Foods, Inc.*, No. MC 119-008, 2019 WL 2520308, at *2 (S.D. Ga. June 18, 2019) ("[T]he subpoena at issue requires compliance in the Northern District of Alabama, and therefore, this Court lacks jurisdiction to hear the motion to compel."). Therefore, Plaintiff's motion to compel, ECF No. 76, is **DENIED** and this Court's previous order, ECF No. 79, is **VACATED**.

      **SO ORDERED on February 22, 2022.**

                                                         <u>s/Mark E. Walker</u>
                                                         **Chief United States District Judge**