## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**KIMBERLY GRIPPA,**
        **Plaintiff,**

**v.**                                          **Case No. 4:30-cv-457-MW/MAF**

**RONALD RUBIN,**
        **Defendant.**

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STAY

Plaintiff Kimberly Grippa ("Grippa") asks the Court to stay this action for 45 days, *after* the Court's deadline for the completion of discovery, seeking irrelevant documents that may not exist from third-party Seth Gordon ("Gordon"). Grippa's last-minute motion is essentially a motion for continuance and should be denied.

## BACKGROUND

1.     The Court has extended the discovery deadline several times past previous deadlines of June 1, 2021 (ECF No. 32), August 16, 2021 (ECF No. 42), and January 31, 2022 (ECF No. 92). The last deadline for completion of discovery was February 1, 2022 (ECF No. 105), but Grippa never moved for an extension of the date.

2.     Plaintiff Ronald Rubin ("Rubin") moved for summary judgment on February 14, 2022. (ECF No. 110). The motion exposes significant factual deficiencies and the lack of facts to support Grippa's claims.

3.     Gordon is an advisory consultant who was hired to assist Rubin's prior counsel, Kendall Coffey at the firm Coffey Burlington.  Gordon started working with Coffey Burlington related to Rubin around May 27, 2019, and his work was limited to a two-week period of time. Gordon's work ceased when Coffey Burlington was replaced by Tein Malone as Rubin's counsel, on June 10, 2019. ECF No. 109-1, ¶2.

4.     At his February 1, 2022 deposition, Gordon testified that he did not work with anyone at Tein Malone on Rubin's behalf and had nothing generally to do with Tein Malone after they were hired. Ex. A, Gordon Tr. at 103:21-104:1.

5.     Grippa has had ample time since at least June 2021 to obtain discovery from Gordon prior to the discovery deadline, as demonstrated by the timeline below:

**June 4, 2021** – Grippa noticed Gordon for deposition on July 19, 2021.

**July 22, 2021** – After Gordon's deposition was postponed, Grippa stated she intended to move to compel Gordon's communications with Rubin.

**July 29, 2021** – Grippa served a subpoena duces tecum on Gordon.

**August 31, 2021** – Grippa's counsel stated she had no availability for depositions until November 2021 and stated that she would set Gordon's deposition on November 23, 2021.

**October 6, 2021** – Grippa stated again that she was noticing Gordon for deposition on November 23, 2021.

**October 25, 2021** – Grippa's counsel stated that she intended to file a motion to compel documents from Gordon; Rubin stated he took no position.

**November 16, 2021** – Grippa moved to compel documents from Gordon. Motion granted by court on **November 19, 2021**. (ECF No. 79).

**November 20, 2021** – Grippa moved to compel the deposition of Gordon.

**December 10, 2021**- Gordon provided documents to the Court and those documents were provided to Grippa.

**December 13, 2021** – The Court extended discovery until January 31, 2022 for the limited purpose of conducting depositions, including Gordon's.

**January 23, 2022** – Grippa moved for extension of discovery until February 1, 2022 for the limited purpose of deposing Gordon.

**February 1, 2022 -** Grippa deposed Gordon.

6.     Grippa's defamation claim is based solely on two letters that Michael Tein ("Tein") sent to Governor DeSantis and Inspector General Miguel. By his own testimony, Gordon has no connection with any of the work performed by Tein.

7.     For her defamation claim, Grippa must demonstrate that Rubin caused Tein's letters to be sent to the recipients with express malice. Rubin's motion for summary judgment explains that there are fatal deficiencies because Grippa failed

3

to plead a specific claim of vicarious liability. Also, Grippa failed to discover any facts that connect Rubin to Tein's letters.  Grippa never sought any discovery from Tein during the course of this Action.

8.    Purportedly, Grippa seeks to show Rubin's actual malice, and connect it to the Tein letters through Gordon, but Gordon did not work with Tein and performed no work after Tein Malone was hired as Rubin's attorneys:

> **Q**    **Did you work with Tein Malone on Rubin's behalf?**
> A    No.
> **Q**    **You did not have anything to do with the Tein law firm after that [they] became involved?**
> A    No.

Ex. A., Gordon Tr. at 103:21-104:1.

9.    Grippa's "key document" from Gordon is a May 30, 2019, email, attached as Exhibit A to her motion.  Grippa claims the email demonstrates that Rubin acted with malice because he authorized a "counter offensive" through Gordon against various people, presumably including Grippa. However, when shown the email, Mr. Gordon stated that, there was no discussion of a "counter offensive" with Coffey Burlington, and that his colorful language had nothing to do with Rubin:

> **Questions by Ms. Mattox**
> Answers by Gordon
>
> **Q**    **Okay.  And was the issue --**
> A    Right.
> **Q**    **-- to go on an offensive -- okay – against the -- a counteroffensive?**

4

A    That was --

**Q    Excuse me?**

A    That never came up.  That was never something I discussed with Coffey.

**Q    Okay.  You never talked about the counteroffensive?**

A    No.

**Q    How about doing an e-mail that says "The counteroffensive is launched"?  Did you do that?**

A    That was just a smart-ass thing to say.  That had nothing to do with Mr. Coffey.

**Q    Okay.  It had to do with Mr. Rubin?**

MR. KAUFFMAN:  Objection to form --

THE WITNESS:  No.

Ex. A., Gordon Tr. at 12:8-25.

10.    Despite the ample time for discovery allowed by the Court, Grippa seeks additional time for discovery and to stay this action for 45 days, a period of time that runs through the trial date.  Grippa seeks an additional 10 day period after the expiration of the stay to respond to Rubin's motion for summary judgment, which is essentially a 55-day extension of her response to Rubin's motion.

11.    Rubin first became aware of the motion to stay after Grippa's counsel, Marie Mattox, sent her email at 11:34pm on Sunday, March 6, 2022, and demanded a response by 2:00pm on Monday, March 7, 2022. This request does not comport with Local Rule 7.1(b)'s requirement that when a consultation is conducted by email, opposing counsel be afforded at least 24 hours to respond to the request.

12.     Rather than bring this to the attention of the parties and the Court at any time prior, Grippa has waited until the absolute last minute and brings her motion on the same day that her response to Rubin's motion for summary judgment is due.

13.     For these reasons, the Court should deny Grippa's motion to stay and the resulting continuance of trial.

Dated: March 7, 2022

Respectfully submitted,

Defendant,
By counsel.

*/s/ James L. Kauffman*
James L. Kauffman (Fla. Bar No. 12915)
Eric Snyder (*Pro Hac Vice*)
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 342-2103
Email: jkauffman@baileyglasser.com
Secondary: vpierre@baileyglasser.com


Nicole L. Ballante (Fla. Bar No. 0125356)
BAILEY & GLASSER, LLP
360 Central Avenue, Suite 1500
St. Petersburg, FL 33701
Telephone: (727) 894-6745
Facsimile: (727) 894-2649
Email: nballante@baileyglasser.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2022, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent be e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ James L. Kauffman*
James L. Kauffman