# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

## CASE NO. 4:20-cv00457-MW-MAF

KIMBERLY GRIPPA,

       Plaintiff,

v.

RONALD RUBIN,

       Defendant.

_____/

## RESPONSE OF SETH GORDON
## TO RENEWED AMENDED MOTION TO COMPEL

    Non-party SETH GORDON responds to the Renewed Amended Motion to Compel and states:

1.     To my knowledge I have produced all the materials in my possession requested by the subpoena except for a number of documents that seem to be privileged. I attached my prior Response of Seth Gordon which explains the position on privilege and attaches a privilege log. Exhibit A.

2.     As a non-party with no stake in the outcome of the litigation, I have tried repeatedly to comply with various demands concerning the



1

relatively brief period during which I was retained by Coffey Burlington in connection with their representation of Ronald Rubin during May and June 2019. I have had no involvement with Rubin since that time except to deal with time-consuming and burdensome discovery requests. In a related case, I was deposed for hours. In this matter, I was scheduled for a deposition on January 11, 2022, at which plaintiff's counsel did not appear. I then appeared for more than four hours of deposition questioning by plaintiff's counsel on February 11, 2022.

3.   To my knowledge, I complied with the Court's Order dated October 26, 2021. I caused documentation to be delivered to the Court in December, 2021, which were copies of the seemingly privileged materials. As I understood the process, the Court would review these emails and determine whether they were privileged. Despite the continuous demands of plaintiff's counsel for these documents, I have not been informed of any ruling by the Court on these privilege issues.

4.   I asked Rubin's current counsel, James Kauffman, on January 31, 2022, whether he would authorize the release of these materials to plaintiff's counsel without a judicial determination. I have informed

plaintiff's counsel that I need Rubin's consent or the Court's guidance to disclose those documents. Exhibit B. Mr. Kauffman declined on behalf of Mr. Rubin also on January 31st. I would think that Mr. Kaufman's refusal to authorize me to turn over the emails is based on a view that there is a legitimate basis for privilege.[1]

5.    I noted that plaintiff's counsel has attached as an exhibit to her motion an email from Kendall Coffey to me. Mr. Coffey has attempted to provide guidance to me since I am a layman and since he and his firm originally retained me in this matter. Mr. Coffey promptly advised plaintiff's counsel that an email from him to me, that I inadvertently sent to plaintiff's counsel, was privileged. Exhibit C. Plaintiff's counsel failed to discard the email and instead attached it to her latest filing. I am told that this is improper and that plaintiff's action violates standards of the American Bar Association and is also at odds with Rule 4–4.4 (b) of the Florida Rules of Professional Conduct. While the email's contents are not prejudicial, this seems to be part of an improper aggressiveness and should be an additional reason to deny this motion.

---

[1] In response to the latest motion, Mr. Coffey has provided to me citations for <u>Diamond Resorts U.S. Collection Development, LLC v. U.S. Consumer Attorneys, P.A.</u>, 519 F. Supp. 3d 1184, 1199-1220 (S.D. Fla. 2021), which refers to another case, <u>In re: Grand Jury Subpoenas</u>, 265 F.Supp. 2d 321, 326 (S.D.N.Y. 2003), concerning privilege.

## CONCLUSION

6.      Stated simply, I have produced everything I could find except the

materials submitted to the Court. I will certainly follow whatever

directions the Court may give. The motion seems entirely

unnecessary and should be denied.

Respectfully submitted,

/s/ SETH GORDON
Seth Gordon *pro se*
Grove Station Tower
2700 SW 27 AVE, SUITE 515
MIAMI, FL 33133
seth@SethGordon.com
305-322-3121

## CERTIFICATE OF WORD COUNT AND FONT

It is hereby certified that this document contains 706 words and was

typed in 14 point font.

By:/s/ SETH GORDON

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing has

been furnished to all counsel of record by CM/ECF on May 10, 2022.

By:/s/ SETH GORDON

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

### CASE NO. 4:20-cv00457-MW-MAF

KIMBERLY GRIPPA,

      Plaintiff,

v.

RONALD RUBIN,

      Defendant.

_____/

### RESPONSE OF SETH GORDON

      NON-PARTY SETH GORDON responds *pro se* to this Court's Order of October 26, 2021 and states:

      1.    On or about August 24, 2021, a subpoena was issued specifying a category of documents to be produced by me. The subpoena was received by email, and not duly served, but, nonetheless, I endeavored to comply. A copy of the subpoena is attached.

      2.    The documents requested sought communications between me and Ronald Rubin who was formerly a client of the law firm of Coffey Burlington ("the Law Firm"). I had been retained as a consultant concerning government relations and media relations to assist the Law Firm in its rendition of legal advice and services. The Law Firm's engagement

centered on Mr. Rubin's efforts, among other things, to defend against and challenge pending governmental efforts to terminate his position in state government. I believe my experience and skills were important in support of the Law Firm's legal services. Among other things, the Law Firm sought advice with respect to the legal and public impact of communicating about the controversy.

3.    Because of the importance of government relations and media relations expertise, it was determined that my involvement was necessary and appropriate for the effective representation of Mr. Rubin. My brief involvement began in mid-May 2019, and terminated in June, 2019 when the Law Firm withdrew from the representation. I have had no involvement with Rubin or any of the parties to this litigation since that time except with respect to discovery requests.

4.    I have reviewed my emails on my personal computer on multiple occasions to try to locate any responsive and non-privileged documents with respect to the subpoena. On October 10, 2021, I informed plaintiff's counsel by email that I had no documents responsive to requests one through six, and that I had no text messages between me and Mr. Rubin. I acknowledged that some email items existed that might be responsive to items 7 and 8, but that these were principally confidential and

2

privileged communications with counsel for the purpose of assisting in the rendition of legal advice and services. Ultimately, after several efforts, some email correspondence with Mr. Rubin was located and this group was collected and sent at my request to Plaintiff's counsel on or about October 21, 2021. These appear to be largely communications concerning subpoena compliance.

5.    Apart from those items, several other communications exist that represented confidential communications with client and counsel and which I am informed, as referenced above, are protected by the attorney-client and work-product privileges. I am advised that the email items listed on Schedule A below embody confidential attorney-client communications, as well as work product, and that I should protect these privileges unless I am instructed otherwise by Mr. Rubin or by the Court.

6.    During the time of my services, it was my understanding that all communications involving counsel were privileged and confidential. I note that Dan Blonsky, Kendall Coffey and Jared Whaley are all attorneys with Coffey Burlington and were representing Mr. Rubin at the time.

7.    An additional item was located that appears to be non-privileged and, without waiver of any privilege, at my request, it  has been sent to plaintiff's counsel.

3

6.    Based on repeated efforts conducted in good faith, I believe there are no other materials that are responsive to the subpoena.

Respectfully submitted,

/S/

Seth Gordon *pro se*
3400 S.W. 27th Ave., Apt. 1004
Miami, FL 33133
Seth@SethGordon.com

305-322-3121

4

## SCHEDULE A

## PRIVILEGED EMAILS

| DATE | FROM | TO |
|------|------|-----|
| 5-29-19 | RONALD RUBIN | DAN BLONSKY<br>KENDALL COFFEY<br>SETH GORDON |
| 5 29 19 | RONALD RUBIN | DAN BLONSKY<br>KENDALL COFFEY<br>CC: SETH GORDON |
| 5-29-19 | RONALD RUBIN | KENDALL COFFEY<br>CC; DAN BLONSKY, SETH GORDON |
| 5-30-19 | RONALD RUBIN | JARED WHALEY<br>CC: KENDALL COFFEY, SETH GORDON, DAN BLONSKY |
| 5-30-19 | RONALD RUBIN | DAN BLONSKY<br>KENDALL COFFEY<br>SETH GORDON<br>JARED WHALEY |
| 5-30-19 | RONALD RUBIN | JARED WHALEY<br>CC: KENDALL COFFEY, SETH GORDON, DAN BLONSKY |
| 5-30-19 | RONALD RUBIN | KENDALL COFFEY<br>CC: SETH GORDON, JARED WHALEY, DAN BLONSKY |
| 6-1-19 | SETH GORDON | RONALD RUBIN |
| 6-4-19 | RONALD RUBIN | DAN BLONSKY<br>CC: KENDALL COFFEY, JARED WHALEY, SETH GORDON |
| 6-5-19 | RONALD RUBIN | DAN BLONSKY<br>KENDALL COFFEY<br>CC: SETH GORDON |
| 6-9-19 | RONALD RUBIN | SETH GORDON<br>DAN BLONSKY<br>KENDALL COFFEY |
| 6-12-19 | RONALD RUBIN | JARED WHALEY<br>CC: DAN BLONSKY, KENDALL COFFEY, SETH GORDON |

5

| DATE | FROM | TO |
|---|---|---|
| 6-12-19 | JARED WHALEY | RONALD RUBIN<br>CC: DAN BLONSKY, KENDALL COFFEY, SETH GORDON |
| 6-13-19 | SETH GORDON | JARED WHALEY<br>RONALD RUBIN<br>cc: DAN BLONSKY, KENDALL COFFEY |

6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**KIMBERLY GRIPPA,**

      **Plaintiff,**

**v.**                              **Case No. 4:20-cv-00457-MW-MAF**

**RONALD RUBIN**

      **Defendant.**

_____/

## SUBPOENA DUCES TECUM

TO:  SETH GORDON
      3400 SW 27TH AVE, APT 1004
      MIAMI, FL 33133-5319

      YOU ARE HEREBY COMMANDED to produce to the offices of Marie A.

Mattox, P.A., 203 North Gadsden Street, Tallahassee, FL 32301, by August 12, 2021

the following:

1. Records, time and duration of incoming and outgoing calls placed or received by Seth Gordon to and/or from Ronald Rubin.

2. Call logs containing records, time and duration of incoming and outgoing calls placed or received by Seth Gordon to and/or from Ronald Rubin.

3. Call history containing record, time and duration of incoming and outgoing calls placed or received by Seth Gordon to and/or from Ronald Rubin.

4. Text messages, time and duration of incoming and outgoing messages sent and/or received by Seth Gordon to and/or from Ronald Rubin.

5. Monthly statement information containing records, time and duration of incoming and outgoing calls and/or text messages placed and/or received by Seth Gordon to and/or from Ronald Rubin.

6. Billing history containing records, time and duration of incoming and outgoing calls and/or text messages sent and/or received by Seth Gordon to and/or from Ronald Rubin.

7. All emails and text messages between Ronald Rubin and Seth Gordon from January 1, 2019 through the present that reference Kim Grippa, Paul Mitchell and/or Tony Grippa.

8. All documents evidencing all communications between Seth Gordon and Ronald Rubin regarding Kim Grippa, Paul Mitchell, and/or Tony Grippa.

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. <u>You may mail, fax, email, or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.</u> You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)   appear as specified; or

(2)   furnish the records instead of appearing as provided above; or

(3)   object to this subpoena;

2

you may be in contempt of court. You are subpoenaed to appear by the following

attorney, and unless excused from this subpoena by this attorney or the court, you

shall respond to this subpoena as directed.

DATED this 10th day of August, 2021.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox
Florida Bar No.  0739685
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: 850/383-4800
Facsimile:  850/383-4801

ATTORNEYS FOR PLAINTIFF

3

# EXHIBIT B

## Kendall Coffey

| | |
|---|---|
| **From:** | Seth Gordon <seth@sethgordon.com> |
| **Sent:** | Wednesday, April 20, 2022 11:07 AM |
| **To:** | Marie A Mattox (marie@mattoxlaw.com) |
| **Subject:** | Your request for documents |

Hi Marie:

I'd be happy to forward the documents to you but they seem to be privileged so please send me a copy of a court order providing direction on the privilege or written authorization from Ron Rubin's lawyers.

Thanks
Seth

**Seth Gordon**
Principal

**SETH GORDON** *Initiatives*™

305-322-3121

Email: seth@sethgordon.com
www.linkedin.com/in/sethgordonmiami

Grove Station Tower
2700 SW 27 Avenue
Suite 515
Miami, FL 33133

**Kendall Coffey**

# EXHIBIT C

| | |
|---|---|
| **From:** | Kendall Coffey |
| **Sent:** | Tuesday, May 10, 2022 10:54 AM |
| **To:** | Kendall Coffey |
| **Subject:** | Response to court order |

**From:** Kendall Coffey <kcoffey@coffeyburlington.com>
**Sent:** Tuesday, November 9, 2021 11:02 PM
**To:** Seth Gordon <seth@sethgordon.com>
**Cc:** Marie A Mattox (marie@mattoxlaw.com) <marie@mattoxlaw.com>
**Subject:** Re: Response to court order

Dear Ms. Mattox; I apologize for intruding upon your evening but I just spotted Mr. Gordon's email to you which he copied to me.

The late hour may account for Mr. Gordon's forwarding to you my email to him but you should disregard the portion that includes my email to him as inadvertent disclosure of privileged communication. You are to delete that portion of his email that contained my email   consistently with ethical criteria.The attachment, though,  was apparently intended to reach you.

While I have tried to provide some guidance to Mr. Gordon to emphasize aspects of litigation procedure with which he is not familiar, I am not appearing for him in the litigation and will not be representing him in the deposition or otherwise.

Regards,

Kendall

1



Align top of FedEx Express® shipping label here.

ORIGIN ID:JDMA          (305) 322-3121
SETH GORDON

2700 SW 27 AVENUE

MIAMI, FL 33133
UNITED STATES US

SHIP DATE: 11MAY22
ACTWGT: 0.50 LB
CAD: 5353192/INET4490

BILL SENDER

TO   **CLERK OF COURT, USDC**
     **USDC, NORTHERN DISTRICT**
     **111 NORTH ADAMS STREET**
     **#322**
     **TALLAHASSEE FL 32301**
(850) 521-3501
INV:                         REF: 134.000
PO:                          DEPT:

FedEx
Express

**THU - 12 MAY 4:30P**
**STANDARD OVERNIGHT**

TRK#
0201   **7768 3221 4610**

**XH TLHA**                  32301
                    FL-US    TLH

