## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**KIMBERLY GRIPPA,**
          *Plaintiff*,

**v.**                                                    **Case No.: 4:20cv457-MW/MAF**

**RONALD RUBIN,**
          *Defendant*.

_____/

## MOTION FOR INDICATIVE RULING

Pursuant to Federal Rule of Civil Procedure 62.1(a)(3), Defendant Ronald L. Rubin moves this Court to issue an indicative ruling on his pending motion for reconsideration of the Order denying his motion for summary judgment. ECF No. 137 ("the Motion"). On May 22, 2023, Rubin timely filed his Notice of Appeal to the Eleventh Circuit after this Court extended the time to file under Federal Rule of Appellate Procedure 4(a)(5). *See* ECF No. 148. Despite the pending appeal, Federal Rule of Civil Procedure 62.1(a) allows this Court to consider "a timely filed motion made for relief" and to indicate its ruling to the appellate court. This Court should issue an indicative ruling advising the Eleventh Circuit that "it would grant the [M]otion if the court of appeals remands for that purpose or that the [M[otion raises a substantial issue." 62.1(a)(3),

If this Court issues an indicative ruling stating that it would grant the Motion—and it should, for all the reasons Rubin argues in the Motion and its

supporting briefing, ECF Nos. 137, 142, 146—Rubin will "promptly notify" the Eleventh Circuit of the ruling, and it may remand to allow this Court to decide the Motion. Fed. R. Civ. P. 62.1(b); 11th Cir. R. 12.1-1(c)(2), (e).

If instead this Court enters an order stating that the Motion raises substantial issues that warrant further consideration, it "may without a remand conduct such further proceedings as are necessary to determine whether the motion should be granted or denied." 11th Cir. R. 12.1-1(d). If the Court does not grant the Motion, it should find that the Motion raises substantial issues about the correct test to use when applying Florida's qualified litigation privilege to the allegedly defamatory statements at issue. As this Court indicated in its Order reserving all rulings on the Motion, "[Rubin]'s argument as to why this Court erred in its application of Florida's qualified privilege raises complex issues that cannot be resolved absent further briefing." ECF No. 145 at 1. Accordingly, the Court ordered supplemental briefing in four discrete areas of Florida law to help inform its decision on the Motion. *Id.* at 17–19. But because Rubin was required by the Federal Rules of Appellate Procedure to file his Notice of Appeal, this Court did not have a sufficient opportunity to consider the arguments in the supplemental briefing and rule on the pending Motion. *See* ECF Nos. 146, 147. As both the Motion and Rubin's interlocutory appeal regard the correct test for application of Florida's litigation privilege, the Motion certainly raises substantial issues.

In sum, before the Eleventh Circuit should consider Rubin's appeal, this Court should consider the issues regarding the proper application of Florida's litigation privilege raised in the Motion and its briefing. This Court indicating its ruling on the Motion, as informed by all of the relevant briefing the parties submitted, will assist the Eleventh Circuit in understanding the issues on appeal, promote judicial efficiency, and possibly obviate the need for Rubin's appeal altogether.

For these reasons, Rubin respectfully requests that this Court enter an order advising the appellate court that it would either grant Rubin's Motion upon remand or that the Motion raises substantial issues warranting further consideration.

Dated this 31st day of May, 2023.

**RONALD RUBIN,**
**Defendant,**
**By Counsel,**

/s/ James L. Kauffman
James L. Kauffman (FL # 012915)
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington DC 20007
T: 202.463.2101
F: 202.463.2103
jkauffman@baileyglasser.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2023, a copy of the foregoing document was filed and served via the Court's CM/ECF system to all counsel of record.

/s/ James L. Kauffman
James L. Kauffman